IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> General Electric Company, ) <br> ) <br> Defendant. ) | Case No. 06-CV-00354-PB <br><br> Judge Paul J. Barbadoro |

## STIPULATION AND ORDER

In a joint effort to further streamline this case, Plaintiff, the United States on behalf of the United States Environmental Protection Agency ("EPA"), and Defendant, General Electric Company ("GE") (together the "Parties"), hereby stipulate to the following:

1. The United States alleges it has incurred $13,892,884.13 in response costs in connection with Operable Unit 1 ("OU1") at the Fletcher's Paint Works and Storage Facility Superfund Site in Milford, New Hampshire (the "Site"). See FLE_ICS000003, FLE_ICS000470. This amount was calculated through October 20, 2009, and includes interest. The United States alleges that these response costs were incurred in connection with the 1993 and 1995 removal actions, the 1998 Record of Decision ("ROD") for OU1, the 2009 Amended ROD for OU1, and enforcement costs.

2. GE disputes the above-referenced allegations, including on the ground that a portion of the above costs are only attributable to Operable Unit 2 ("OU2"), and not OU1.

3.  For purposes of this Stipulation, the Parties stipulate that $519,855.70, including certain direct and indirect costs, of the above $13,892,844.13 alleged costs were incurred in connection with OU2.  (The underlying documents identifying these alleged costs are discussed in the supplemental expert report of Raymond Dovell, dated March 10, 2010).

4.  The United States disagrees with the conclusions and assumptions in Mr. Dovell's supplemental report, but stipulates that it will not seek the $519,855.70 in alleged OU2 costs in this current litigation.  The United States reserves its rights to pursue those costs at a later time.

5.  GE disagrees that the $519,855.70 in alleged OU2 costs are recoverable from GE, but stipulates that it will not challenge the United States' attempt to pursue these alleged OU2 costs in any later proceeding on the grounds that such costs are OU1 costs, that such costs are not adequately documented, or that the United States should have pursued such alleged costs in this litigation.  GE reserves its rights to challenge the recoverability of these costs on any other grounds.

6.  The recoverability of alleged interest on the $519,855.70 in alleged OU2 costs shall be accounted for in the following manner:  Interest that has allegedly accrued on the $519,855.70 amounts to $153,368.87 as of October 20, 2009.  Accordingly, on the date that the Court enters this Stipulation as an Order (or shortly thereafter), EPA will transfer the total amount of $673,224.57 ($519,855.70 plus $153,368.87) from the OU1 cost category to the OU2 cost category.  Interest will thereafter accrue on the $673,224.57 at the same rate and in the same manner that it will accrue on all other OU2 costs as of October 21, 2009.  The $673,224.57 will be deemed to have been incurred in the OU2 cost category on October 21, 2009.

7.  GE further disputes the allegations referenced in Paragraph 1, above, and argues that applicable statutes of limitations and related law allegedly bar the recovery of response costs incurred in connection with the 1993 and 1995 removal actions as set forth in Doc. No. 150 ("Timeliness Issue" regarding "Removal Action Costs"). The Parties stipulate that the Removal Action Costs total $1,305,921, exclusive of interest. The United States disagrees that any costs are barred by any statutes of limitations or related law. Accordingly, the Parties jointly request, and this Court rules, that the Timeliness Issue will be decided based upon GE's motion for summary judgment, Doc. No. 150, with the opposition filed and the reply due according to the Amended Case Management Order dated December 2, 2009, with the additional opportunity for the United States to file a sur-reply one week later on July 16, 2010. (The United States' motion for summary judgment, Doc. No. 149, and GE's opposition to that motion, Doc. No. 151, are withdrawn).

8.  The Parties reserve their rights of appeal of any ruling on GE's motion for summary judgment on timeliness, Doc. No. 150 ("GE's Motion"), but stipulate that on appeal of any decision on GE's Motion, or, if any issue regarding the Removal Action Costs is ever remanded to the District Court, the Parties will not raise any arguments or defenses to liability (if applicable) as to the Removal Action Costs other than those raised in connection with GE's Motion.

FOR PLAINTIFF, UNITED STATES
ROBERT DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

*/s/ Laura J. Rowley*                   Date: July 2, 2010
Laura J. Rowley, Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 616-8763
laura.rowley@usdoj.gov


Catherine Adams Fiske, Trial Attorney
Environmental Enforcement Section
United States Department of Justice
One Gateway Center, Suite 616
Newton, MA 02458



FOR DEFENDANT, GENERAL ELECTRIC COMPANY


*/s/ Peter A. Biagetti*                   Date: July 2, 2010
Bret A. Cohen, BNH No. 15989
Jeffrey R. Porter, MA BBO No. 552520
Peter A. Biagetti, MA BBO No. 042310
Colin G. Van Dyke, MA BBO No. 665021
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

SO ORDERED THIS __9__ DAY OF __July__, 2010.


                                                               /s/ Paul Barbadoro
                                                               Paul J. Barbadoro
                                                               Unites State District Court Judge


cc:   Counsel of Record